IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MA LOURDES GONZALEZ, | § | |
| LOURDES RODRIGUEZ DE | § | |
| GONZALEZ, LESLYE GONZALEZ, | § | CIVIL ACTION NO. 5:20-cv-00037 |
| CYNTHIA GONZALEZ, | § | |
| LAURA GATICA, and | § | |
| ROBERTO GONZALEZ ANCIRA, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | JUDGE MARINA GARCIA |
| OF ROBERTO GONZALEZ JR. | § | MARMOLEJO |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| JIT TRANSPORT LLC, | § | MAGISTRATE JUDGE |
| ASHIRWAD GROUP LLC, | § | |
| GERMAN RIOS JR., INDIVIDUALLY, | § | |
| AND CARLOS SANCHEZ, | § | |
| INDIVIDUALLY AND D/B/A | § | |
| C&G TRUCKING, RAUL RAMIREZ, | § | |
| and WEEKS MARINE, INC. | § | |
| *Defendants*. | § | |

**DEFENDANT JIT TRANSPORT LLC'S ORIGINAL ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant JIT Transport LLC ("JIT") files this Original Answer to Plaintiffs' Original Petition ("Petition"),[1] and in support thereof, would respectfully show the Court as follows:

**PLAINTIFFS' STATEMENT OF AMOUNT IN CONTROVERSY**

1. There is no allegation in Paragraph 1 of the Petition for which a response from JIT is warranted.

---

[1] Plaintiffs filed their Original Petition in 341st Judicial District of Webb County, Texas; defendant Weeks Marine, Inc. subsequently removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## PLAINTIFFS' STATEMENT ON DISCOVERY

2.   There is no allegation in Paragraph 1 of the Petition for which a response from JIT is warranted. Further, because this case has been removed from state court to this Court, application of the Texas Rules of Civil Procedure discovery levels no longer applies to this case, Plaintiffs' designation of discovery level 3 to this case is null and void.

## PLAINTIFFS' STATEMENT OF THE PARTIES

3.

A.   The allegations in Paragraph 3.A of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.A. of the Petition, and therefore denies them.

B.   The allegations in Paragraph 3.B of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.B. of the Petition, and therefore denies them.

C.   The allegations in Paragraph 3.C of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.C. of the Petition, and therefore denies them.

D.   The allegations in Paragraph 3.D of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.D. of the Petition, and therefore denies them.

E.	The allegations in Paragraph 3.E of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.E. of the Petition, and therefore denies them.

F.	JIT objects to the allegations in Paragraph 3.F. of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 3.F of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 3.F. of the Petition, and therefore denies them.

G.	JIT admits that it is a limited liability company organized under the laws of the state of Texas and admits that it does business in the state of Texas. JIT admits that it may be served with process through its registered agent in the state of Texas. JIT objects to the remaining allegations in Paragraph 3.G of the Petition to the extent they make an assertion of law or a legal conclusion.

H.	The allegations in Paragraph 3.H of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT admits that, upon information and belief, Ashirwad Group LLC is a limited liability company organized under the laws of the state of Texas and that Ashirwad Group LLC does business in the state of Texas. JIT believes that Ashirwad Group LLC may be served with process through its registered agent in the state of Texas. JIT objects to the remaining allegations in Paragraph 3.G of the Petition to the extent they make an assertion of law or a legal conclusion.

I. The allegations in Paragraph 3.I of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.I. of the Petition, and therefore denies them.

J. The allegations in Paragraph 3.J of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.J of the Petition, and therefore denies them.

K. The allegations in Paragraph 3.K of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.K of the Petition, and therefore denies them.

L. The allegations in Paragraph 3.L of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.L of the Petition, and therefore denies them.

M. The allegations in Paragraph 3.M of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 3.M of the Petition, and therefore denies them.

### PLAINTIFFS' STATEMENT OF JURISDICTION AND VENUE

4. JIT does not contest the Court's subject matter jurisdiction over this case.

5. JIT incorporates by reference its answer in response to Paragraphs 3.I, 3.J, 3.K, and 3.L above.

6. JIT objects to the allegations in Paragraph 6 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 6 of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 6 of the Petition, and therefore denies them.

7. JIT objects to the allegations in Paragraph 7 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 7 of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 7 of the Petition, and therefore denies them.

8. JIT objects to the allegations in Paragraph 8 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 8 of the Petition are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 8 of the Petition, and therefore denies them.

9. JIT objects to the allegations in Paragraph 9 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, JIT incorporates by reference its answer in response to Paragraph 3.G above.

10. JIT objects to the allegations in Paragraph 10 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, JIT incorporates by reference its answer in response to Paragraph 3.H above.

11. JIT objects to the allegations in Paragraph 11 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, JIT

incorporates by reference its answer in response to Paragraph 3.I above. JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Petition, and therefore denies same.

12.     JIT objects to the allegations in Paragraph 12 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, JIT incorporates by reference its answer in response to Paragraphs 1, 3.G, 3.H, 3.I, 3.J, and 3.K above.

### PLAINTIFFS' STATEMENT OF FACTS OF THE CASE

13.     JIT objects to the allegations in Paragraph 13 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 13 of the Petition are not directed to JIT, and therefore no response is required. To the extent a further response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 13 of the Petition, and therefore denies them, as phrased.

14.     JIT objects to the allegations in Paragraph 14 (first)[2] of the Petition to the extent they make an assertion of law or a legal conclusion. JIT admits that, upon information and belief, on or about January 27, 2020, decedent Roberto Gonzalez Jr. drove a 2006 Freightliner hauling a flatbed trailer, with pipe on the flatbed trailer, from Laredo, Texas to a jobsite in Topsail Beach, North Carolina, operated by defendant Weeks Marine, Inc. JIT denies the remaining allegations in Paragraph 14 (first) of the Petition, as alleged.

14.     JIT objects to the allegations in Paragraph 14 (second) of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, JIT denies the allegations in Paragraph 14 (second) of the Petition.

---

[2] JIT notes that there are two paragraphs numbered "14" in the Petition. For clarity, JIT will track its numbering with Plaintiffs' Petition added clarity as necessary.

15. JIT objects to the allegations in Paragraph 15 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 15 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT denies the allegations in Paragraph 16.

17. JIT denies the allegations in Paragraph 17 of the Petition.

### PLAINTIFFS' ALLEGATION OF NEGLIGENCE AS TO DEFENDANT RAUL RAMIREZ

18. The allegations in Paragraph 18 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 18 of the Petition, including subparagraphs a-f, and therefore denies them.

### PLAINTIFFS' ALLEGATION OF NEGLIGENCE AS TO DEFENDANT JIT TRANSPORT LLC

19. JIT objects to the allegations in Paragraph 19 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, JIT denies the allegations the allegations in Paragraph 19 of the Petition, as phrased.

20. JIT denies the allegations in Paragraph 20 of the Petition.

### PLAINTIFFS' ALLEGATION OF DEFENDANT JIT TRANSPORTATION LLC AS A NON-SUBSCRIBER

21. JIT objects to the allegations in Paragraph 21 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, JIT denies the allegations the allegations in Paragraph 21 of the Petition, including subparagraphs 1-3, as phrased.

22. JIT objects to the allegations in Paragraph 22 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, JIT denies the allegations the allegations in Paragraph 22 of the Petition, as phrased.

### PLAINTIFFS' ALLEGATION OF NEGLIGENCE AS TO DEFENDANT GERMAN RIOS JR. & CARLOS SANCHEZ COLLECTIVELY d/b/a C & G TRUCKING

23. The allegations in Paragraph 23 are not directed to JIT, and therefore no response is required. JIT objects to the allegations in Paragraph 23 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 23 of the Petition, as phrased, and therefore denies them.

24. The allegations in Paragraph 24 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 24 of the Petition, and therefore denies them.

### PLAINTIFFS' ALLEGATION OF DEFENDANT GERMAN RIOS JR.& CARLOS SANCHEZ COLLECTIVELY d/b/a C & G TRUCKING AS NON-SUBSCRIBER

25. JIT objects to the allegations in Paragraph 25 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 25 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 25 of the Petition, including subparagraphs 1-3, as phrased, and therefore denies them.

26. JIT objects to the allegations in Paragraph 26 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 26 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient

information to admit or deny the allegations in Paragraph 26 of the Petition, and therefore denies them.

### PLAINTIFFS' CAUSES OF ACTION AS TO DEFENDANT WEEKS MARINE INC.

27. JIT objects to the allegations in Paragraph 27 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 27 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 27 of the Petition, and therefore denies them.

28. JIT objects to the allegations in Paragraph 28 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 28 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 28 of the Petition, and therefore denies them.

29. JIT objects to the allegations in Paragraph 29 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 29 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 29 of the Petition, and therefore denies them.

30. JIT objects to the allegations in Paragraph 30 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 30 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 30 of the Petition, and therefore denies them.

31. JIT objects to the allegations in Paragraph 31 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 31 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 30 of the Petition, including the allegations in subparagraphs a-c, and therefore denies them.

32. JIT objects to the allegations in Paragraph 32 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 32 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT is without sufficient information to admit or deny the allegations in Paragraph 32 of the Petition, and therefore denies them.

### PLAINTIFFS' ALLEGATIONS OF NEGLIGENCE AS TO DEFENDANT ASHIRWAD GROUP LLC

33. JIT objects to the allegations in Paragraph 33 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 33 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT denies the allegations in Paragraph 33.

34. JIT objects to the allegations in Paragraph 34 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 34 are not directed to JIT, and therefore no response is required. To the extent a response is required, JIT denies the allegations in Paragraph 34.

### DAMAGES

35. JIT denies the allegations in Paragraph 35 of the Petition.

36. JIT denies it is liable for the damages alleged in Paragraph 36 of the Petition. To the extent a further response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 36 of the Petition, and therefore denies them.

37. To the extent allegations are made in Paragraph 37 of the Petition, JIT denies them.

38. JIT denies the allegations in Paragraph 38 of the Petition.

39. JIT denies it is liable for the damages alleged in Paragraph 39 of the Petition. To the extent a further response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 39 of the Petition, and therefore denies them.

40. To the extent allegations are made in Paragraph 40 of the Petition, JIT denies them.

41. JIT denies the allegations in Paragraph 41 of the Petition.

42. JIT denies it is liable for the damages alleged in Paragraph 42 of the Petition. To the extent a further response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 42 of the Petition, and therefore denies them.

43. To the extent allegations are made in Paragraph 43 of the Petition, JIT denies them.

44. JIT denies the allegations in Paragraph 44 of the Petition.

45. JIT denies it is liable for the damages alleged in Paragraph 45 of the Petition. To the extent a further response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 45 of the Petition, and therefore denies them.

46. To the extent allegations are made in Paragraph 46 of the Petition, JIT denies them.

47. JIT denies the allegations in Paragraph 47 of the Petition.

48. JIT denies it is liable for the damages alleged in Paragraph 48 of the Petition. To the extent a further response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 48 of the Petition, and therefore denies them.

49. To the extent allegations are made in Paragraph 49 of the Petition, JIT denies them.

50. JIT denies the allegations in Paragraph 50 of the Petition.

51. JIT denies it is liable for the damages alleged in Paragraph 51 of the Petition. To the extent a further response is required, JIT is without sufficient information to admit or deny the remaining allegations in Paragraph 51 of the Petition, and therefore denies them.

52. To the extent allegations are made in Paragraph 52 of the Petition, JIT denies them.

53. JIT denies the allegations in Paragraph 53 of the Petition.

54. To the extent allegations are made in Paragraph 54 of the Petition, JIT denies them.

## JURY DEMAND

55. JIT admits Plaintiffs have demanded a trial by jury. Pursuant to Federal Rule of Civil Procedure 38, JIT also demands a jury trial on all issues triable of right to a jury.

## PLAINTIFFS' REQUEST FOR DISCLOSURES

56. JIT Admits Plaintiffs have served Requests for Disclosure pursuant to Rule 194 of the Texas Rules of Civil Procedure in Paragraph 56 of the Petition. In accordance with the removal of this case from state court to this federal Court, Plaintiffs' request for TRCP 194 disclosure is null and void.

## PLAINTIFFS' ADDITIONAL DISCOVERY FILED WITH PETITION

57. JIT Admits Plaintiff Lourdes Rodriguez De Gonzalez has served Interrogatories and Request for Production on all Defendants, attached as Exhibits A and B to his Petition, respectively, in accordance with the Texas Rules of Civil Procedure. In accordance with the removal of this case from state court to this federal Court, Plaintiff Lourdes Rodriguez De Gonzalez discovery requests, as described in this paragraph, are null and void.

### PLAINTIFFS' ALLEGATIONS OF JOINT AND SEVERAL LIABILITY

58. JIT objects to the allegations in Paragraph 58 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, JIT denies the allegations in Paragraph 58 of the Petition.

### PLAINTIFFS' PRAYER

59. JIT Transport LLC denies Plaintiffs are entitled to recover from JIT any of the relief requested in their Petition, including the damages listed in the prayer at the conclusion of Plaintiffs' Petition.

### AFFIRMATIVE DEFENSES

60. Pleading further, alternatively, and by way of affirmative defense, JIT would show that the incident in question and Plaintiffs' alleged resulting injuries and/or damages, if any, were the result of negligent acts and/or omissions of other parties or third parties beyond JIT's control who failed to use that degree of care and caution that would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiffs' damages or injuries, if any. JIT, therefore, invokes the comparative responsibility provisions of the Texas Civil Practice and Remedies Code §§ 33.001, et seq.

61. In the unlikely event any liability be found on the part of JIT, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of such parties or third parties.

62. Pleading further, alternatively, and by way of affirmative defense, JIT asserts any applicable statutory damage limitation of any sort, including punitive, non-economic or exemplary damages, under the laws of Texas and any other applicable state. Tex. Civ. Prac. & Rem. Code § 41.008.

63. Pleading further, alternatively, and by way of affirmative defense, JIT would show that in the unlikely event of an adverse verdict against it, it would be entitled to an offset or credit for any settlement Plaintiffs may have entered into with any other party.

64. Pleading further, alternatively, and by way of affirmative defense, JIT states that any and all injuries and damages, if any, sustained or suffered by Plaintiffs, were proximately caused, contributed to, or aggravated by the acts or omissions of other persons or entities, including, but not limited to, parties, and/or other third parties, for which JIT is neither responsible nor liable. Said acts or omissions were an intervening and/or superseding cause of the injuries and damages, if any, thus barring Plaintiffs from any recovery against JIT.

65. Pleading further, alternatively, and by way of affirmative defense, JIT asserts any and all applicable defenses available to it under Texas Labor Code §§ 406.001, et seq.

66. JIT reserves the right to amend this Answer to assert additional defenses, affirmative or otherwise, to challenge venue, and to assert third party claims, all as may be required upon the completion of reasonable discovery and investigation.

Dated: March 19, 2020                    Respectfully submitted,

By:   */s/ Thomas G. Jacks*
**THOMAS G. JACKS** (attorney in charge)
Texas Bar No. 24067681
S.D. Tex. Bar No. 1551016
**REID T. HUDGINS**
Texas Bar No. 24092544
S.D. Tex. Bar No. 3039359

**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (Telephone)
(214) 369-2118 (Facsimile)
tjacks@hartlinebarger.com
rhudgins@hartlinebarger.com

**ATTORNEYS FOR DEFENDANT
JIT TRANSPOR LLC**

## CERTIFICATE OF SERVICE

I certify that on March 19, 2020, I filed the foregoing via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.

*/s/ Thomas G. Jacks*
THOMAS G. JACKS