**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MA LOURDES GONZALEZ,** | § | |
| **LOURDES RODRIGUEZ DE** | § | |
| **GONZALEZ, LESLYLE** | § | **CIVIL ACTION NO. 5:20-cv-00037** |
| **GONZALEZ,** | § | |
| **CYNTHIA GONZALEZ,** | § | |
| **LAURA GATICA, and** | § | |
| **ROBERTO GONZALEZ ANCIRA,** | § | |
| **INDIVIDUALLY AND AS** | § | **JUDGE MARINA GARCIA** |
| **REPRESENTATIVE OF THE** | § | **MARMOLEJO** |
| **ESTATE** | § | |
| **OF ROBERTO GONZALEZ JR.** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | **MAGISTRATE JUDGE** |
| | § | |
| **JIT TRANSPORT LLC,** | § | |
| **ASHIRWAD GROUP LLC,** | § | |
| **GERMAN RIOS JR.,** | § | |
| **INDIVIDUALLY,** | § | |
| **AND CARLOS SANCHEZ,** | § | |
| **INDIVIDUALLY AND D/B/A** | § | |
| **C&G TRUCKING, RAUL** | § | |
| **RAMIREZ, and** | § | |
| **WEEKS MARINE, INC.** | § | |
| *Defendants.* | § | |

**DEFENDANT ASHIRWAD GROUP LLC'S ORIGINAL ANSWER &
AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant ASHIRWAD GROUP LLC ("ASHIRWAD") files this Original Answer

to Plaintiffs' Original Petition ("Petition"),[1] and in support thereof, would respectfully show

the Court as follows:

---

[1] Plaintiffs filed their Original Petition in 341st Judicial District of Webb County, Texas;
defendant Weeks Marine, Inc. subsequently removed the case to this Court pursuant to 28
U.S.C. §§ 1332, 1441, and 1446).

1

**PLAINTIFFS' STATEMENT OF AMOUNT IN CONTROVERSY**

1.      There is no allegation in Paragraph 1 of the Petition for which a response from JIT is warranted.

**PLAINTIFFS' STATEMENT ON DISCOVERY**

2.      There is no allegation in Paragraph 1 of the Petition for which a response from ASHIRWAD is warranted. Further, because this case has been removed from state court to this Court, application of the Texas Rules of Civil Procedure discovery levels no longer applies to this case, Plaintiffs' designation of discovery level 3 to this case is null and void.

**PLAINTIFFS' STATEMENT OF THE PARTIES**

3.

A.      The allegations in Paragraph 3.A of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.A. of the Petition, and therefore denies them.

B.      The allegations in Paragraph 3.B of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.B. of the Petition, and therefore denies them.

C.      The allegations in Paragraph 3.C of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.C. of the Petition, and therefore denies them.

D.     The allegations in Paragraph 3.D of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.D. of the Petition, and therefore denies them.

E.     The allegations in Paragraph 3.E of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.E. of the Petition, and therefore denies them.

F.     ASHIRWAD objects to the allegations in Paragraph 3.F. of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 3.F of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 3.F. of the Petition, and therefore denies them.

G.     The allegations in Paragraph 3.G of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD admits that, upon information and belief,  JIT Transport, LLC is a limited liability company organized under the laws of the state of Texas and that  JIT Transport, LLC does business in the state of Texas. ASHIRWAD believes that JIT Transport, LLC may be served with process through its registered agent in the state of Texas. ASHIRWAD objects to the remaining allegations in Paragraph 3.G of the Petition to the extent they make an assertion of law or a legal conclusion.

H.     ASHIRWAD admits that it is a limited liability company organized under the laws of the state of Texas and admits that it does business in the state of Texas. ASHIRWAD admits that it may be served with process through its registered agent in the state of Texas.

ASHIRWAD objects to the remaining allegations in Paragraph 3.H of the Petition to the extent they make an assertion of law or a legal conclusion.

      I.     The allegations in Paragraph 3.I of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.I. of the Petition, and therefore denies them.

      J.     The allegations in Paragraph 3.J of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.J of the Petition, and therefore denies them.

      K.     The allegations in Paragraph 3.K of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.K of the Petition, and therefore denies them.

      L.     The allegations in Paragraph 3.L of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.L of the Petition, and therefore denies them.

      M.     The allegations in Paragraph 3.M of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 3.M of the Petition, and therefore denies them.

## PLAINTIFFS' STATEMENT OF JURISDICTION AND VENUE

4.      ASHIRWAD does not contest the Court's subject matter jurisdiction over this case.

5.      ASHIRWAD incorporates by reference its answer in response to Paragraphs 3.I, 3.J, 3.K, and 3.L above.

6.      ASHIRWAD objects to the allegations in Paragraph 6 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 6 of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 6 of the Petition, and therefore denies them.

7.      ASHIRWAD objects to the allegations in Paragraph 7 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 7 of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 7 of the Petition, and therefore denies them.

8.      ASHIRWAD objects to the allegations in Paragraph 8 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 8 of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 8 of the Petition, and therefore denies them.

9.      ASHIRWAD objects to the allegations in Paragraph 9 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response

is required, ASHIRWAD incorporates by reference its answer in response to Paragraph 3.G above.

10.     ASHIRWAD objects to the allegations in Paragraph 10 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, ASHIRWAD incorporates by reference its answer in response to Paragraph 3.H above.

11.     ASHIRWAD objects to the allegations in Paragraph 11 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, ASHIRWAD incorporates by reference its answer in response to Paragraph 3.I above. ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Petition, and therefore denies same.

12.     ASHIRWAD objects to the allegations in Paragraph 12 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, ASHIRWAD incorporates by reference its answer in response to Paragraphs 1, 3.G, 3.H, 3.I, 3.J, and 3.K above.

### PLAINTIFFS' STATEMENT OF FACTS OF THE CASE

13.     ASHIRWAD objects to the allegations in Paragraph 13 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 13 of the Petition are not directed to ASHIRWAD, and therefore no response is required. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 13 of the Petition, and therefore denies them, as phrased.

14.     ASHIRWAD objects to the allegations in Paragraph 14 (first)[2] of the Petition to the extent they make an assertion of law or a legal conclusion. ASHIRWAD admits that, upon information and belief, on or about January 27, 2020, decedent Roberto Gonzalez Jr. drove a 2006 Freightliner hauling a flatbed trailer owned by ASHIRWAD, with pipe on the flatbed trailer, from Laredo, Texas to a jobsite in Topsail Beach, North Carolina, operated by defendant Weeks Marine, Inc. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 14, and therefore denies such allegations..

14.     ASHIRWAD objects to the allegations in Paragraph 14 (second) of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 14 (second), and therefore denies the allegations in Paragraph 14 (second) of the Petition.

15.     ASHIRWAD objects to the allegations in Paragraph 15 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 15 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 15.

16.     ASHIRWAD objects to the allegations in Paragraph 15 of the Petition to the extent they make an assertion of law or a legal conclusion. ASHIRWAD denies the allegations made against it as set forth in paragraph 16 of the Petition and specifically denies loading the trailer. To the extent a further response is required, ASHIRWAD is without sufficient

---

[2] JIT notes that there are two paragraphs numbered "14" in the Petition. For clarity, JIT will track its numbering with Plaintiffs' Petition added clarity as necessary.

information to admit or deny the allegations in Paragraph 16, and therefore denies the allegations in Paragraph 16 of the Petition.

17.     ASHIRWAD objects to the allegations in Paragraph 17 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 17 are not directed to ASHIRWAD, and therefore no response is required. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 17, and therefore denies the allegations in Paragraph 17 of the Petition.

### PLAINTIFFS' ALLEGATION OF NEGLIGENCE AS TO DEFENDANT RAUL RAMIREZ

18.     The allegations in Paragraph 18 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 18 of the Petition, including subparagraphs a-f, and therefore denies them.

### PLAINTIFFS' ALLEGATION OF NEGLIGENCE AS TO DEFENDANT JIT TRANSPORT , LLC

19.     ASHIRWAD objects to the allegations in Paragraph 19 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 19 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 19 of the Petition, and therefore denies them.

20.     ASHIRWAD objects to the allegations in Paragraph 20 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 20 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 20 of the Petition, and therefore denies them.

**PLAINTIFFS' ALLEGATION OF DEFENDANT JIT TRANSPORT, LLC AS A NON-SUBSCRIBER**

21.     ASHIRWAD objects to the allegations in Paragraph 21 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 21 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 21 of the Petition, and therefore denies them.

22.     ASHIRWAD objects to the allegations in Paragraph 22 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 22 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 22 of the Petition, and therefore denies them.

**PLAINTIFFS' ALLEGATION OF NEGLIGENCE AS TO DEFENDANT GERMAN RIOS JR. & CARLOS SANCHEZ COLLECTIVELY D/B/A C & G TRUCKING**

23.     The allegations in Paragraph 23 are not directed to ASHIRWAD, and therefore no response is required. ASHIRWAD objects to the allegations in Paragraph 23 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 23 of the Petition, as phrased, and therefore denies them.

24.     The allegations in Paragraph 24 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 24 of the Petition, and therefore denies them.

### PLAINTIFFS' ALLEGATION OF DEFENDANT GERMAN RIOS JR.& CARLOS SANCHEZ COLLECTIVELY D/B/A C & G TRUCKING AS NON-SUBSCRIBER

25.     ASHIRWAD objects to the allegations in Paragraph 25 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 25 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 25 of the Petition, including subparagraphs 1-3, as phrased, and therefore denies them.

26.     ASHIRWAD objects to the allegations in Paragraph 26 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 26 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 26 of the Petition, and therefore denies them.

### PLAINTIFFS' CAUSES OF ACTION AS TO DEFENDANT WEEKS MARINE INC.

27.     ASHIRWAD objects to the allegations in Paragraph 27 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 27 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 27 of the Petition, and therefore denies them.

28.     ASHIRWAD objects to the allegations in Paragraph 28 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 28 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 28 of the Petition, and therefore denies them.

29.     ASHIRWAD objects to the allegations in Paragraph 29 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 29 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 29 of the Petition, and therefore denies them.

30.     ASHIRWAD objects to the allegations in Paragraph 30 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 30 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 30 of the Petition, and therefore denies them.

31.     ASHIRWAD objects to the allegations in Paragraph 31 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 31 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 30 of the Petition, including the allegations in subparagraphs a-c, and therefore denies them.

32.     ASHIRWAD objects to the allegations in Paragraph 32 of the Petition to the extent they make an assertion of law or a legal conclusion. The allegations in Paragraph 32 are not directed to ASHIRWAD, and therefore no response is required. To the extent a response is required, ASHIRWAD is without sufficient information to admit or deny the allegations in Paragraph 32 of the Petition, and therefore denies them.

PLAINTIFFS' ALLEGATIONS OF NEGLIGENCE AS TO DEFENDANT ASHIRWAD GROUP LLC

33.    ASHIRWAD objects to the allegations in Paragraph 33 of the Petition to the extent they make an assertion of law or a legal conclusion. ASHIRWAD admits that it was the owner of the trailer but denies all other allegations in paragraph 33 of the Petition.

34.    ASHIRWAD objects to the allegations in Paragraph 34 of the Petition to the extent they make an assertion of law or a legal conclusion. ASHIRWARD denies the allegations set forth in paragraph 34.

DAMAGES

35.    ASHIRWAD denies the allegations in Paragraph 35 of the Petition.

36.    ASHIRWAD denies it is liable for the damages alleged in Paragraph 36 of the Petition. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 36 of the Petition, and therefore denies them.

37.    To the extent allegations are made in Paragraph 37 of the Petition, ASHIRWAD denies them.

38.    ASHIRWAD denies the allegations in Paragraph 38 of the Petition.

39.    ASHIRWAD denies it is liable for the damages alleged in Paragraph 39 of the Petition. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 39 of the Petition, and therefore denies them.

40.    To the extent allegations are made in Paragraph 40 of the Petition, ASHIRWAD denies them.

41.    ASHIRWAD denies the allegations in Paragraph 41 of the Petition.

42.     ASHIRWAD denies it is liable for the damages alleged in Paragraph 42 of the Petition. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 42 of the Petition, and therefore denies them.

43.     To the extent allegations are made in Paragraph 43 of the Petition, ASHIRWAD denies them.

44.     ASHIRWAD denies the allegations in Paragraph 44 of the Petition.

45.     ASHIRWAD denies it is liable for the damages alleged in Paragraph 45 of the Petition. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 45 of the Petition, and therefore denies them.

46.     To the extent allegations are made in Paragraph 46 of the Petition, ASHIRWAD denies them.

47.     ASHIRWAD denies the allegations in Paragraph 47 of the Petition.

48.     ASHIRWAD denies it is liable for the damages alleged in Paragraph 48 of the Petition. To the extent a further response is required, ASHIRWAD is without sufficient information to admit or deny the remaining allegations in Paragraph 48 of the Petition, and therefore denies them.

49.     To the extent allegations are made in Paragraph 49 of the Petition, ASHIRWAD denies them.

50.     ASHIRWAD denies the allegations in Paragraph 50 of the Petition.

51.     ASHIRWAD denies it is liable for the damages alleged in Paragraph 51 of the Petition. To the extent a further response is required, ASHIRWAD is without sufficient

information to admit or deny the remaining allegations in Paragraph 51 of the Petition, and therefore denies them.

52,     To the extent allegations are made in Paragraph 52 of the Petition, ASHIRWAD denies them.

53.     ASHIRWAD denies the allegations in Paragraph 53 of the Petition.

54.     To the extent allegations are made in Paragraph 54 of the Petition, ASHIRWAD denies them.

## JURY DEMAND

55.     ASHIRWAD admits Plaintiffs have demanded a trial by jury. Pursuant to Federal Rule of Civil Procedure 38, ASHIRWAD also demands a jury trial on all issues triable of right to a jury.

## PLAINTIFFS' REQUEST FOR DISCLOSURES

56.     ASHIRWAD denies Plaintiffs have served Requests for Disclosure  upon ASHIRWAD pursuant to Rule 194 of the Texas Rules of Civil Procedure in Paragraph 56 of the Petition. In accordance with the removal of this case from state court to this federal Court, Plaintiffs' request for TRCP 194 disclosure is null and void.

## PLAINTIFFS' ADDITIONAL DISCOVERY FILED WITH PETITION

57.     ASHIRWAD denies Plaintiff Lourdes Rodriguez De Gonzalez has served Interrogatories and Request for Production on ASHIRWAD, attached as Exhibits A and B to his Petition, respectively, in accordance with the Texas Rules of Civil Procedure. In accordance with the removal of this case from state court to this federal Court, Plaintiff Lourdes Rodriguez De Gonzalez discovery requests, as described in this paragraph, are null and void.

**PLAINTIFFS' ALLEGATIONS OF JOINT AND SEVERAL LIABILITY**

58.    ASHIRWAD objects to the allegations in Paragraph 58 of the Petition to the extent they make an assertion of law or a legal conclusion. To the extent a response is required, ASHIRWAD denies the allegations in Paragraph 58 of the Petition.

**PLAINTIFFS' PRAYER**

59.    ASHIRWAD GROUP, LLC denies Plaintiffs are entitled to recover from ASHIRWAD any of the relief requested in their Petition, including the damages listed in the prayer at the conclusion of Plaintiffs' Petition.

**AFFIRMATIVE DEFENSES**

60.    Pleading further, alternatively, and by way of affirmative defense, ASHIRWAD would show that the incident in question and Plaintiffs' alleged resulting injuries and/or damages, if any, were the result of negligent acts and/or omissions of the decedent, or other parties or third parties beyond ASHIRWAD's control who failed to use that degree of care and caution that would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiffs' damages or injuries, if any. ASHIRWAD, therefore, invokes the comparative responsibility provisions of the Texas Civil Practice and Remedies Code §§ 33.001, et seq.

61.    In the unlikely event any liability be found on the part of ASHIRWAD, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of such parties or third parties.

62.    Pleading further, alternatively, and by way of affirmative defense, ASHIRWAD asserts any applicable statutory damage limitation of any sort, including

punitive, non-economic or exemplary damages, under the laws of Texas and any other applicable state. Tex. Civ. Prac. & Rem. Code § 41.008.

63.     Pleading further, alternatively, and by way of affirmative defense, ASHIRWAD would show that in the unlikely event of an adverse verdict against it, it would be entitled to an offset or credit for any settlement Plaintiffs may have entered into with any other party.

64.     Pleading further, alternatively, and by way of affirmative defense, ASHIRWAD states that any and all injuries and damages, if any, sustained or suffered by Plaintiffs, were proximately caused, contributed to, or aggravated by the acts or omissions of other persons or entities, including, but not limited to, parties, and/or other third parties, for which ASHIRWAD is neither responsible nor liable. Said acts or omissions were an intervening and/or superseding cause of the injuries and damages, if any, thus barring Plaintiffs from any recovery against ASHIRWAD.

65.     Pleading additionally, or in the alternative, Defendant states that to the extent punitive damages are awarded, such recovery must be limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. Section 41 et seq.

66.     To the extent that Plaintiffs are alleging loss of earnings or pecuniary losses as a result of the accident in question, Defendant would show that such recovery is limited to post-tax earnings or net earnings figured pursuant to the Texas Civil Practices and Remedies Code and other applicable statutes and/or case law.

67.     Pleading further, Defendant, still urging and relying on the matters set forth above, asserts that to the extent Plaintiff's medical specials exceed the amount actually paid on Plaintiffs behalf, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code.  Therefore, recovery of medical or healthcare expenses incurred by Plaintiffs is limited to the amount actually paid by or on behalf of the Plaintiffs.

68.    ASHIRWAD reserves the right to amend this Answer to assert additional defenses, affirmative or otherwise, to challenge venue, and to assert third party claims, all as may be required upon the completion of reasonable discovery and investigation.

Respectfully submitted,

**BAIRHILTY, P.C.**

*/s/Ronald L. Bair*

_____

RONALD L. BAIR
State Bar No. 01554900
Federal Bar No.  6173
WENDI ERVIN
State Bar No. 06651220
Federal Bar No.  13873
14711 Pebble Bend Drive
Houston, Texas  77068
Telephone:  (713)862-5599
Facsimile:   (713)868-9444

**ATTORNEYS FOR DEFENDANT,
ASHIRWAD GROUP, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 26, 2020, I filed the foregoing via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.  In addition, Pro Se Defendants, GERMAN RIOS, JR., CARLOS SANCHEZ, C&G TRUCKING will be served electronically as follows: German606.r@gmail.com and Carlos.sanchez.123@hotmail.com.

*/s/Ronald L. Bair*
RONALD L. BAIR